**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SERVICES, INC., et al.,

                       Plaintiffs,

                    v.

XAYPANYA, et al.,

                       Defendants.

Civil Action No. 18-12348 (MAS) (LHG)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs REM Technology Consulting Services, Inc. and Richard Malinowski's (collectively, "Moving Plaintiffs") Motion to Remand.[1] (ECF No. 16.) *Pro se* Removing Defendant Phamy Tracx Xaypanya ("Defendant") opposed (ECF No. 18), and Moving Plaintiffs replied (ECF No. 19). Defendant filed a sur-reply without leave of the Court.[2] (ECF No. 20.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Moving Plaintiffs' Motion to Remand (ECF No. 1), and remands this matter to the New Jersey Superior Court, Monmouth County, Law Division.

---

[1] The Court notes that Moving Plaintiffs originally moved this Court to remand in correspondence filed September 19, 2018. (ECF No. 16.) The Court entered an order stating that it construed Moving Plaintiffs' correspondence as a motion, and directed Clerk to modify the docket entry to reflect that the entry was a Motion to Remand and set an appropriate briefing schedule. (ECF No. 17.)

[2] Local Civil Rule 7.1(d)(6) provides that a party may not file a sur-reply without first seeking leave of the Court. The Court, therefore, declines to consider Defendant's sur-reply.

Defendant removed this matter from the New Jersey Superior Court, Monmouth County, Law Division ("State Court") on August 1, 2018. (*See* ECF Nos. 1, 3-2.) At the same time, Defendant also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) The Court closed the case, having denied without prejudice Defendant's IFP application. (Sept. 13, 2018 Op., ECF No. 14.) The Court further provided Defendant with an opportunity to submit a revised IFP application, or alternatively, pay the $400 filing fee. (*Id.*) On September 17, 2018, Defendant filed a renewed IFP application. (ECF No. 15.) On September 19, 2018, before the Court ruled on Defendant's renewed IFP application, Defendant paid the required filing fee. (*See* Sept. 19, 2018 docket entry.) On the same date, Moving Plaintiffs filed the instant Motion to Remand.[3] (Mot. to Remand, ECF No. 16.)

The Court finds Defendant's removal of this action untimely pursuant to 28 U.S.C. § 1446(b). 28 U.S.C. § 1446 provides,

> The notice of removal of a civil action or proceeding shall be filed within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within [thirty] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Here, Plaintiffs initiated this action in State Court on February 16, 2016, by filing a Verified Complaint and Order to Show Cause Seeking Preliminary and Temporary Restraints. (*See* Compl., Ex. 1, ECF No. 3-2.) On March 10, 2016, Defendant's counsel entered his appearance on behalf of Defendant, and filed opposition to Plaintiffs' Order to Show Cause.

---

[3] Defendant's argument that Moving Plaintiffs' Motion to Remand is untimely lacks merit. As noted, the Court closed this matter after Defendant failed to properly complete his IFP application. On September 19, 2018, Defendant paid the filing fee, resulting in the Court re-opening the case. Therefore, Defendant's removal was not officially filed until September 19, 2018, and on that same date, Moving Plaintiffs filed the instant Motion to Remand.

(*See* Moving Pls.' Moving Br. 4, ECF No. 16; *see also* Moving Pls.' Reply Br., Ansell Decl. ¶ 4, ECF No. 19-1.) Defendant, therefore, acknowledged receipt of the Verified Complaint and accompanying order to show cause several years prior to Defendant removing the action to this Court.[4] Thus, Defendant's removal is untimely, and Defendant fails to provide the Court with a valid argument contrary to that assertion.[5] *See Rosebud Holding, LLC v. Burks*, 995 F. Supp. 465, 467 (D.N.J. 1998) (citation omitted) ("While the thirty-day time period in which to remove is not jurisdictional, it is a strictly applied rule of procedure that may not be extended by the court.").

Moreover, to the extent Defendant seeks removal under Federal Rule of Bankruptcy Procedure 9027, Defendant's removal is premature. Federal Rule of Bankruptcy Procedure 9027(a)(2)(A) provides that a notice of removal in a pending civil action must be filed within ninety days "after the order for relief in the case under the [Bankruptcy] Code." Here, Defendant failed to demonstrate that such an order for relief was entered in Defendant's bankruptcy matter (*see In re Phamy Xaypanya*, docket number 18-22662, United States Bankruptcy Court for the Western District of Tennessee), and therefore, Defendant's motion is premature.[6]

---

[4] The Court further notes that the parties extensively litigated this matter for several years, and the matter was ready for trial when Defendant removed the case to federal court. (*See* Moving Pls.' Moving Br. 4; *see also* Moving Pls.' Reply Br. Ex. F, ECF No. 19-2 (scheduling trial for May 14, 2019).)

[5] Defendant's conclusory assertions that Moving Plaintiffs acted in bad faith to delay removal of the action lack persuasion. (Def.'s Opp'n Br. ¶ 48, ECF No. 18 (referencing 28 U.S.C. § 1446(c)).)

[6] Plaintiff may only file for removal under Federal Rule of Bankruptcy Procedure 9027 at the appropriate time.

Accordingly, **IT IS** on this 23rd day of April 2019, **ORDERED**:

1.   Moving Plaintiff's Motion to Remand (ECF No. 16) is **GRANTED**.

2.   This Matter is remanded to the New Jersey Superior Court, Monmouth County, Law Division.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**